[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Rosemary Monroe is the mother of Shawn Monroe, co-defendant in this action. In April, 1988 she had an automobile policy with plaintiff, Progressive Insurance Company. Said policy provided as follows: "We agree to pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an automobile accident. We will settle or defend, as we consider appropriate, any claim or suit asking for damages which are payable under the terms of this policy . . . In addition to our limit of liability, we will pay all defense costs we incur." The contract defines "covered person" as "family member" or "any person using your covered auto." The policy excludes any person "[U]sing a vehicle without a reasonable belief that that person is entitled to do so."
On April 28, 1988 co-defendant Shawn Monroe was in an accident while driving his mother's automobile. As a result of the accident, both he and his mother were served with a complaint by Muriel Keiper in which she alleged that she was injured as a result of the negligent operation of said automobile.
The plaintiff seeks a declaratory judgment declaring that CT Page 3829 it has no duty to indemnify or defend the defendants. It claims that Shawn Monroe was not using the motor vehicle with the reasonable belief that he was entitled to do so. Accordingly, it claims that the policy excludes the defendants from coverage.
The court finds that at the time of the accident, the operator of the motor vehicle, Shawn Monroe, was a minor, and that he knew he did not have permission to drive said automobile.
Although the plaintiff claims that Shawn and Rosemary Monroe are not covered under the policy because Shawn drove without a reasonable belief that he was entitled to do so, the court disagrees. General Statutes Section 38a-335(d) provides: "With respect to the insured Motor vehicle, the coverage afforded under the bodily injury liability and property damage liability provisions in any such policy shall apply to the named insured and relatives residing in his household unless any such person is specifically excluded by endorser, lent." Section 33-175a-5 (c) of the Regulations of Connecticut State Agencies provides in pertinent part as follows:
 "The insurer's obligation to pay and defend may be made inapplicable: . . . (8) to the operation of a motor vehicle by an individual or individuals specifically named by endorsement accepted by the insured, the form of which has been accepted for filing by the insurance company."
Shawn Monroe has not been specifically excluded by endorsement, nor has the insured accepted such an endorsement.
Accordingly, the plaintiff is not entitled to a declaratory judgment, and judgment may enter on the complaint in favor of the defendants.
ALLEN, JUDGE